# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL STAR DAIRY ASSOCIATION, INC., | Case No.  1:13-cv-00947-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | (Doc. 17) |
| AMBER TRUCKING, INC., a California corporation; and DOES 1 through 25, inclusive, | |
| Defendants. | |
| _____/ | |

## I.   INTRODUCTION

On May 7, 2014, Plaintiff All Star Dairy Association, Inc. ("Plaintiff") filed a motion for summary judgment.  (Doc. 17.)  Amber Trucking, Inc. ("Defendant") failed to file any opposition to the motion.  On June 10, 2014, the Court determined the matter was suitable for decision without oral argument, the matter was taken under submission, and the hearing was vacated. (Doc. 18.)

For the reasons set forth below, Plaintiff's motion for summary judgment is GRANTED.

## II.  BACKGROUND

This is a diversity suit that arises out of a written agreement involving the purchase of tires and other services.  Plaintiff is engaged in the business of providing discount pricing for products and services used by its members.  (Cmplt. ¶ 5; Doc. 17-1, Declaration of Jeff Hoogerheide ("Hoogerheide Decl."), ¶ 9.)  Plaintiff uses the combined buying power of its members to

1  negotiate agreements with various suppliers to obtain volume price discounts for its members.

2  (Cmplt. ¶ 5; Doc. 17-1, Hoogerheide Decl., ¶ 9.)  Plaintiff's members order from suppliers, the

3  suppliers invoice Plaintiff, and Plaintiff forwards the supplier's invoice to the members with a

4  cover invoice from Plaintiff.  (Doc. 17-1, Hoogerheide Decl., ¶ 9.)  Defendant is a freight shipping

5  and trucking company that hauls general freight.  (Cmplt., ¶ 6; Doc. 8, Answer, ¶ 6.)

6      On April 14, 2010, Defendant, through its agent Jatinder S. Kaleka, executed a Credit

7  Application and Membership Agreement with Plaintiff (the "Agreement").  (Cmplt., ¶ 7; Doc. 8,

8  Answer, ¶ 7; Doc. 17-1, Hoogerheide Decl., ¶¶ 10-11.)  Pursuant to the Agreement, Plaintiff

9  furnished Defendant with a line of credit for the purchase of goods and services to be used in

10  connection with Defendant's business. (Cmplt, ¶ 8; Doc. 8, Answer, ¶ 8; Doc. 17-1, Hoogerheide

11  Decl., ¶ 12.)  Defendant paid a membership fee and agreed to the terms of the Agreement.  (Doc.

12  17-1, Hoogerheide Decl., ¶ 12.)

13      The Agreement provides that Defendant would pay all invoices billed by Plaintiff for all

14  goods and services Defendant purchased.  (Cmplt., ¶ 8; Doc. 8, Answer ¶ 8; Doc. 17-1,

15  Hoogerheide Decl., ¶ 12.)  According to Plaintiff, from the time the Agreement was entered in

16  April 2010 until January 2013, Defendant used the line of credit to purchase tires and related

17  services for its fleet of trucks, Plaintiff issued invoices, and Defendant paid the invoices.  (Doc.

18  17-1, Hoogerheide Decl., ¶ 14.)

19      Beginning with the invoice issued to Defendant in February 15, 2013, however, Defendant

20  allegedly breached the agreement by failing to pay the invoices as they were delivered.  (Doc. 17-

21  1, Hoogerheide Decl., ¶ 15.)  While Defendant continued to make purchases for two more months,

22  it refused to make any payments for those purchases.  (Cmplt, ¶ 11; Doc. 17-1, Hoogerheide Decl.,

23  ¶ 16.)  Plaintiff maintains it has never received payment from Defendant on 25 outstanding

24  invoices, and seeks to recover $96,136.56 that Plaintiff claims is due and owing under the

25  Agreement.

26

27

28

### III.   DISCUSSION

**A.**   **Standard of Review**

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *See id.*  The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits or declarations which demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  On an issue for which the opposing party will have the burden of proof at trial, however, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56.  The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  It is not the task of the district court to scour the record in search of a genuine issue of triable fact.  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment.  *Id.*  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law."  *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks and citation omitted).

**B.**   **Plaintiff's Motion for Summary Judgment**

A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition.  *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th

1   Cir. 1994) (unopposed motion may be granted only after the court determines that there are not

2   material issues of fact).  This is so even if the failure to file an opposition violates a local rule of

3   the court.  *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).  Here, Defendant has

4   failed to file any opposition to Plaintiff's motion.  Therefore, the Court considers whether Plaintiff

5   has met its burden to show that there is an absence of genuine issues of material facts.

6        **1.    The Parties' Joint Statement of Undisputed Facts**[1]

7        On April 14, 2010, Plaintiff and Defendant entered into a written contract.  Pursuant to the

8   terms of the contract, Plaintiff agreed to furnish Defendant with a line of credit.  Defendant agreed

9   to pay all amounts borrowed under the line of credit within a specified number of days after

10  receipt of an invoice from Plaintiff for Defendant's purchases.  Defendant used the line of credit to

11  purchase goods and services, including tires for its fleet of trucks.  Plaintiff performed all

12  covenants and conditions required of it under the terms of the contract, and issued invoices to

13  Defendant for purchases made pursuant to the contract.  Between February 15, 2013, and April 26,

14  2013, Plaintiff sent numerous invoices to Defendant relating to outstanding amounts owed for

15  Defendant's purchases under the line of credit.  Defendant breached the contract by failing to

16  repay the amounts borrowed under the line of credit.  The principal amount due and owing under

17  the contract from Defendant to Plaintiff is $96,136.56.  The interest balance due under the contract

18  is $9,903.84 as of June 11, 2014.

19       **2.    Plaintiff's Request for Judicial Notice**

20       Pursuant to Federal Rule of Evidence 201, Plaintiff requests that the Court take judicial

21  notice of Plaintiff's complaint filed on June 20, 2013, and Defendant's Answer filed on August 1.

22  2013.  The Court does not need to judicially notice the pleadings in the current proceeding to

23  consider them.  *Estate of Cartledge v. Columbia Cas. Co.*, No. 2:11-cv-2623-WBS-GGH, 2011

24  WL 5884255, * 2 (E.D. Cal. Nov. 23, 2011).  Thus, Plaintiff's request for judicial notice of these

25  pleadings is denied as moot.

26

27

---

28  [1] Filed concurrently with its motion for summary judgment, Plaintiff submits a Joint Statement of Undisputed Material Facts ("Joint Statement").  Prior to filing the statement, Plaintiff asserts its counsel met and conferred with counsel for Defendant and confirmed that the facts in the Joint Statement are undisputed.  (Doc. 17-11.)

**3.       Plaintiff is Entitled to Summary Judgment for Breach of Contract**

In California, "[a] cause of action for breach of contract requires proof of the following elements:  (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; and (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

Plaintiff contends that a valid contract was formed between the parties on April 14, 2010, which Defendant materially breached by failing to pay the amounts owed.  Plaintiff seeks contract damages in the amount of $96,136.56.

After Plaintiff filed suit, Defendant filed an Answer (Doc. 8) and subsequently served responses to Plaintiff's Requests for Admission.  (Doc. 17-5, Declaration of C. Fredrick Meine III ("Meine Decl."), ¶¶ 6-7; Doc. 17-6, Exhibits D; Doc. 17-7, Exhibit E.)  The material facts of this case, taken from declarations submitted by Plaintiff,[2] Defendant's responses to Requests for Admission (Doc. 17-5, Meine Decl., Exhibit E) and Defendant's Answer (Doc. 8), are not in dispute because Defendant has not filed opposing affidavits, declarations, or deposition transcripts.  Moreover, Defendant has admitted all material elements of the breach of contract action in its responses to Plaintiff's Request for Admissions and in its Answer.

**a.       No Material Dispute Regarding the Existence of the April 14, 2010, Agreement**

Plaintiff alleges in its complaint that Defendant, by and through its agent Jatinder S. Kaleka, executed the Agreement with Plaintiff so that Plaintiff would extend credit to Defendant for the purpose of purchasing tires on credit.  (Cmplt., ¶ 7.)   Pursuant to the terms of the agreement, Plaintiff agreed to and did furnish tires to Defendant for which Defendant agreed to pay Plaintiff pursuant to the terms of the invoice.  (Cmplt., ¶ 11.)  In its answer, Defendant admitted that it entered into the Agreement with Plaintiff through its agent Jatinder S. Kaleka, and that it made subsequent purchases from Plaintiff pursuant to the Agreement.  (Doc. 8, Answer, ¶¶ 7, 11.)  Defendant further admitted in its answer that, under the terms of the Agreement, Plaintiff extended credit to Defendant for the purpose of purchasing tires, and Defendant would pay

---

[2] (Doc. 17-1, Hoogerheide Decl.; Doc. 17-5, Meine Decl.")

Plaintiff pursuant to the terms of the invoices issued by Plaintiff to Defendant.  (Doc. 8, Answer, ¶¶ 7-8.)

Because Defendant admitted it entered into this Agreement with Plaintiff, there is no material dispute regarding the existence of the Agreement or its terms.  *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (Factual assertions in the operative pleadings are "considered judicial admissions conclusively binding on the party who made them").

### b.      No Material Dispute Regarding Plaintiff's Performance

Plaintiff submitted the declaration of Jeff Hoogerheide in support of its motion.  Mr. Hoogerheide is the Controller and buyer for Plaintiff, has access to all records relating to accounts for the purchase of tires, and is the custodian of records for Plaintiff.  (Doc. 17-1, Hoogerheide Decl., ¶ 5.)  Mr. Hoogerheide attests that he is trained to work with account debtors who have defaulted on the terms of their respective Agreements with Plaintiff, and he is familiar with Defendant's entire account history.  (Doc. 17-1, Hoogerheide Decl., ¶¶ 7-8.)

Mr. Hoogerheide states Plaintiff has performed all its obligations under the terms of the Agreement by providing Defendant with credit to purchase tires, issuing invoices, keeping accurate records of payments made, interest accrued, and fees incurred.  (Doc. 17-1, Hoogerheide Decl., ¶ 15.)  Defendant has not submitted any declaration or evidence to dispute this fact.  As such, there is no material dispute regarding Plaintiff's performance under the terms of the Agreement.

### c.      No Material Dispute Regarding Defendant's Breach

The parties' Agreement provides that Defendant will "pay all invoices billed by [Plaintiff] for goods and services purchased by [Defendant] and billed through [Plaintiff]."  (Hoogerheide Decl., Exhibit A, Doc. 17-2.)  Plaintiff maintains that Defendant made purchases through the line of credit extended by Plaintiff, for which Plaintiff invoiced Defendant.  Depending on the invoice, full payment was due and owing within 30 to 45 days, but Defendant failed to make any payment on 25 outstanding invoices.  In its responses to Requests for Admission, Defendant admitted that each of the 25 outstanding invoices is genuine, that Defendant received each of the 25 outstanding invoices, and that Defendant has not made any payment to Plaintiff on any of the 25 outstanding

invoices.  (Doc. 17-5, Meine Decl., ¶ 7; Doc. 17-6, Def. Resp. to Req. for Admission, Nos. 1-111.)

Finally, Defendant admitted it owes Plaintiff $96,136.56 pursuant to the 25 outstanding invoices.

(Doc. 17-5, Meine Decl., ¶ 7; Doc. 17-7, Def. Resp. to Req. for Admission, No. 112.)  There is no

factual dispute that Defendant's failure to pay the outstanding invoices is a material breach of the

parties' Agreement.

### d.    No Material Dispute as to Damages

The final element of breach of contract is the damage to the non-breaching party as a result

of the breach.  *CDF Firefighters*, 158 Cal. App. at 1239.  There is no material issue of disputed

fact with respect to the damages caused by Defendant's breach.  In response to Plaintiff's Requests

for Admission, Defendant admitted that it had not made any payments to Plaintiff on the 25

outstanding invoices, and that it owes Plaintiff $96,136.56 pursuant to those outstanding invoices.

(Doc. 17-5, Meine Decl., ¶ 7; Doc. 17-6, Def. Resp. to Req. for Admission, No. 111-12.)   Mr.

Hoogerheide reviewed the outstanding invoices and confirmed that the amount due and owing is

$96,136.56.  (Doc. 17-1, Hoogerheide Decl., ¶ 21; Doc. 17-3, Exhibit B.)

### 4.    Conclusion

Based on the record before the Court, the undisputed facts show that there was an

Agreement entered between the parties which was breached by Defendant when it failed to pay

Plaintiff the amounts due under 25 outstanding invoices.  Plaintiff's papers are sufficient to support

its Motion for Summary Judgment and do not on their face reveal a genuine issue of material fact.

Pursuant to the foregoing, summary judgment is granted in favor of Plaintiff, and Plaintiff is

awarded damages in the amount of $96,136.56.

### C.    Plaintiff's Request for $9,903.84 in Prejudgment Interest

Plaintiff seeks an award of $9,903.84 in prejudgment interest. "Prejudgment interest is a

substantive aspect of a plaintiff's claims, rather than a merely procedural mechanism."  *Oak

Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008).   In

diversity actions, state law governs all awards of prejudgment interest.  *Lund v. Albrecht*, 936 F.2d

459, 464-65 (9th Cir. 1991).

1       "California Civil Code section 3287[(a)] provides that a party is entitled to recover

2 prejudgment interest on an amount awarded as damages from the date that the amount was both

3 (1) due and owing and (2) certain or capable of being made certain by calculation."  *Uzyel v.*

4 *Kadisha*, 188 Cal. App. 4th 866, 919 (2010).  "Damages are certain or capable of being made

5 certain by calculation, or ascertainable, for purposes of Civil Code section 3287[(a)] if the

6 defendant actually knows the amount of damages or could compute that amount from information

7 reasonably available to the defendant."  *Id.*

8       The 25th and final invoice was sent to Defendant on April 26, 2013, which was due to be

9 paid within 30 days.  Thus, Defendant's payment on this final invoice was due on or before May

10 27, 2013.  (Doc. 17-1, Hoogerheide Decl., ¶ 22; Doc. 17-3, Exhibit B; Doc. 17-4, Exhibit C.)  The

11 information regarding the total amount due pursuant to all 25 invoices ($96,136.56) was

12 reasonably available to Defendant, and Defendant could have computed the figure on its own

13 using the invoices sent by Plaintiff.

14       Under Civil Code section 3289(b), "[i]f a contract entered into after January 1, 1986, does

15 not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per

16 annum after a breach."  Cal. Civ. Code 3289(b).  Because Plaintiff's damages derive from the

17 Agreement and the invoices sent by Plaintiff to Defendant, and because neither the Agreement nor

18 the invoices stipulate a legal rate of interest, the $96,136.56 bears ten percent per annum interest

19 from May 27, 2013.  Cal. Civ. Code § 3289(a).

20       Plaintiff's interest calculations begin on June 1, 2013, through the date this motion was set

21 for hearing, June 11, 2014.  The daily interest is $26.34 on the total amount due.  The total interest

22 due on June 11, 2014, was $9,903.84 (376 days x $26.34).

23                             **IV.   CONCLUSION AND ORDER**

24       For the reasons set forth above, IT IS HEREBY ORDERED that:

25       1.      Plaintiff's Motion for Summary Judgment is GRANTED;

26       2.      Judgment shall be entered in Plaintiff's favor in the amount of $106,040.40

27                ($96,136.56 + $9,903.84);

28

3.      Any motion for attorney's fees should be filed pursuant to this Court's Local Rules;

and

3.      This case shall be administratively closed.

IT IS SO ORDERED.

Dated:   __**June 23, 2014**__                        _____**/s/ Sheila K. Oberto**_____
                                                                    UNITED STATES MAGISTRATE JUDGE